IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2224-D

| | |
|---|---|
| VONDERRICK R. CUTLER, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL HARDEE, ) | |
| ) | |
| Respondent. ) | |

Vonderrick R. Cutler ("petitioner" or "Cutler"), a state inmate, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet. [D.E. 1]. On August 22, 2011, the court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and allowed it to proceed [D.E. 5]. On September 27, 2011, respondent answered the petition [D.E. 10] and filed a motion for summary judgment [D.E. 11]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Cutler about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 13]. Cutler did not file any response in opposition, and the time within which to do so has expired. As explained, the court grants respondent's motion for summary judgment [D.E. 11].

I.

On August 1, 2007, in Martin County Superior Court, Cutler pleaded no contest to robbery with a dangerous weapon, and the court imposed a sentence of 77 to 102 months' imprisonment. Pet. 1; see [D.E. 12-2, 12-3] (plea transcript form and criminal judgment). On December 2, 2008,

Cutler filed a motion for appropriate relief ("MAR") in the Superior Court of Martin County.[1] Pet. 3; [D.E. 12-4]. On January 8, 2009, the state court summarily denied the MAR. Pet. 3; [D.E. 12-5] (MAR order). On March 4, 2009, Cutler filed a certiorari petition in the North Carolina Court of Appeals, which that court denied on March 26, 2009. Pet. 3–4; [D.E. 12-6, 12-8] (petition and Court of Appeals order). On May 24, 2010, Cutler filed a petition for writ of certiorari in the North Carolina Supreme Court, which that court denied on June 16, 2010. Pet. 4; [D.E. 12-9, 12-10] (petition and Supreme Court order). Cutler signed his section 2254 petition on October 12, 2010, and filed it on October 18, 2010.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom

---

[1] Giving Cutler the benefit of the prison mailbox rule, and construing the record in the light most favorable to Cutler, the court considers Cutler's MAR as filed on the date he signed it, December 2, 2008. See Houston v. Lack, 487 U.S. 266, 274–76 (1988); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam). Additionally, the court will use the prison mailbox rule in construing the filing date for Cutler's other pleadings.

2

in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

A federal court cannot grant habeas relief in cases in which a state court considered a claim on its merits unless (1) the state-court decision "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States," or, (2) the state-court "decision ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see Hardy v. Cross, 132 S. Ct. 490, 493–94 (2011) (per curiam); Bobby v. Dixon, 132 S. Ct. 26, 29–31 (2011) (per curiam); Cavazos v. Smith, 132 S. Ct. 2, 3–8 (2011) (per curiam); Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Congress intended the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

3

standard to be difficult to meet. Harrington v. Richter, 131 S. Ct. 770, 786 (2011). "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. To prevail in an action brought under section 2254(d), a petitioner must show that "there was no reasonable basis for the state court to deny relief." Id. at 784; see DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011), cert. denied, 132 S. Ct. 818 (2011).

Cutler asserts that he was improperly "sentenced with an unauthorized aggravated enhanced sentence" and that he received ineffective assistance of counsel because of counsel's "fail[ure] to correctly advise petitioner of likely effect of statute on sentence . . . ." Pet. 5–6. Cutler raised these claims in his MAR. Id. 5–7; [D.E. 12-4].

Respondent argues that the petition is untimely. [D.E. 12] 2–10. The AEDPA requires that a person in custody pursuant to the judgment of a state court file any petition for a writ of habeas corpus within a one-year period of the latest of certain dates. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period begins running from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

4

The limitation period under section 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). An application for post-conviction or other collateral review is "pending" from initial filing in the state courts until final disposition in the state courts. Taylor, 186 F.3d at 560–61. The period between when a petitioner's conviction becomes final and when a petitioner files a state application for post-conviction relief counts against the one-year period of limitation. See, e.g., Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000); Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998). The statutory period then resumes after the state court of appeals denies a petitioner's certiorari petition. See, e.g., Hernandez, 225 F.3d at 438.

Subsection (A) of section 2244(d)(1) requires the court to determine when petitioner's judgment became final. Because Cutler did not seek review in the North Carolina Court of Appeals, his conviction became final no later than August 15, 2007, when the fourteen-day time period to serve notice of appeal expired. See N.C.R. App. P. 4(a)(2) (providing that notice of appeal may be filed within fourteen days of judgment); cf. Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012); United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). The one-year period then began to run on August 15, 2007, and ran for 365 days until it expired. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Cutler failed to meet this deadline, and his December 2, 2008 MAR did not reopen his time for filing a habeas petition. See id. Therefore, Cutler's limitations period expired on August 15, 2008. Accordingly, absent equitable tolling, Cutler's October 12, 2010 petition is untimely.

5

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560–62 (2010). Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation omitted); Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011), cert. denied, 132 S. Ct. 64 (2011). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

Unfamiliarity with the legal process, lack of representation, or even illiteracy do not constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam). Likewise, a mistake of counsel does not serve as a ground for equitable tolling. See, e.g., Harris, 209 F.3d at 330–31. Cutler does not demonstrate any ground for equitable tolling. Accordingly, the court grants respondent's motion for summary judgment, and dismisses Cutler's petition as time-barred.

II.

In sum, the court GRANTS respondent's motion for summary judgment [D.E. 11], and DISMISSES Cutler's application for a writ of habeas corpus [D.E. 1]. The court also DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The Clerk of Court shall send a copy of this

order to petitioner at his current place of incarceration,[2] and shall close this case.

SO ORDERED. This _11_ day of July 2012.

                                            JAMES C. DEVER III
                                            Chief United States District Judge

---

[2] On March 3, 2012, Cutler was transferred to Central Prison. See N.C. Dep't of Corr., Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0675937&searchOffenderId=0675937&listurl=pagelistoffendersearchresults&listpage=1 (last visited July 11, 2012).

7